**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| GULFSTREAM AEROSPACE CORP.,<br>500 Gulfstream Rd.<br>Savannah, GA 31408<br><br>                 *Petitioner,*<br>  v.<br><br>OPTICAL AIR DATA SYSTEMS, LLC<br>10781 James Payne Ct.<br>Manassas, VA 20110<br><br>               *Respondent.* | Case No. 1:20-cv-01033-LMB-MSN |

**MEMORANDUM IN SUPPORT OF GULFSTREAM AEROSPACE CORPORATION'S
MOTION FOR LEAVE TO FILE UNDER SEAL
OPPOSITION TO OPTICAL AIR DATA SYSTEMS, LLC'S
MOTION TO VACATE ARBITRATION AWARD
AND ACCOMPANYING EXHIBITS**

Gulfstream Aerospace Corporation ("GAC"), by and through the undersigned counsel and

pursuant to Local Civil Rule 5, submits this Memorandum in Support of its Motion for Leave to

File Under Seal Opposition to Optical Air Data Systems, LLC's Motion to Vacate Arbitration

Award and Exhibits.

**LEGAL STANDARD**

"[A]n order to seal documents is valid when the district court (1) provides public notice

and gives the public an opportunity to object to the sealing; (2) considers less drastic alternatives;

and (3) provides specific findings in support of its decision to seal and its rejection of alternatives

to sealing." *GTSI Corp. v. Wildflower Int'l, Inc.*, 2009 WL 1248114, at *8 (E.D. Va. Apr. 30,

2009) (citing *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)). The protection of

"sensitive pricing information" may constitute adequate reason to seal a document, *see id.* at *9, as may the protection of "confidential financial data that are normally unavailable to the public," *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008).

## ARGUMENT

This Court has already granted Optical Air Data Systems, LLC (OADS)'s motion for leave to file an unredacted form of its motion to vacate and most accompanying exhibits under seal.  *See* Sept. 16, 2020 Order, ECF No. 12.  In granting that motion, the Court acknowledged that sealing certain information from the arbitration proceeding underlying this action may be necessary to "protect highly commercially sensitive financial data, trade secrets relating to design, performance, contract negotiations, licensing terms, and pricing data and other confidential information that would materially harm OADS, Gulfstream Aerospace Corp., and L3Harris—a non-party to this litigation—if disclosed.  *Id.* at 1; *see also GTSI Corp.*, 2009 WL 1248114, at *8–9.  The Court further found that "[t]he parties' interest in protecting this commercially sensitive information outweighs the public's right to access that information," and that "no less drastic alternative can adequately protect this information."  *Id.* at 2.

Here, GAC seeks to supplement the record of the arbitration with the following additional exhibits: GAC's and OADS's requests for production in the arbitration (GAC Exs. B, C); a motion by OADS to stay the arbitration proceedings and GAC's opposition to that motion (GAC Exs. E, F); a requested subpoena in the arbitration (GAC Ex. G); letter briefing to the Tribunal from GAC and OADS regarding whether OADS could assert a claim for violations of the Georgia Trade Secrets Act, and related correspondence (GAC Exs. H, I, J); expert reports on damages from both GAC's and OADS's experts (GAC Exs. K, L, M); a "demonstrative" introduced by OADS to accompany its expert testimony on damages, and a communication from GAC to the Tribunal

regarding the same (GAC Exs. N, O); and GAC's response to OADS's arbitration demand (GAC Ex. P). GAC's opposition to OADS's vacatur motion also quotes from or closely paraphrases these documents.

Sealing is warranted here because these exhibits implicate the same commercially sensitive information that the Court determined warranted sealing in its September 16, 2020 Order. *See* ECF No. 12, at 1. Moreover, the other prerequisites to sealing are met. The public will receive notice of this motion and the nature of the materials to be sealed through this publicly filed Memorandum of Law, accompanying Motion, and Notice of Filing a Motion to Seal. *See* ECF No. 12, at 1. Further, although GAC has provided a redacted brief supporting its opposition to OADS's vacatur motion on the public record, with respect to the exhibits a "less drastic alternative" like redaction would result in redactions of vast swathes of the exhibits. *See id.* at 2.

## CONCLUSION

For the foregoing reasons, GAC respectfully requests that the Court grant this motion for leave to file its brief and exhibits under seal. A proposed order is submitted contemporaneously herewith.

Dated: September 29, 2020

/s/ Matthew L. Haws
Matthew L. Haws (Virginia Bar No. 48368)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
(202) 639-6065
mhaws@jenner.com

Elizabeth A. Edmondson (*pro hac vice*)
New York Bar No. 4705539
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022-3908
(212) 891-1606
eedmondson@jenner.com

*Counsel for Petitioner, Gulfstream Aerospace Corp.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 29th day of September 2020, I will electronically file the foregoing Memorandum of Law in Support of Motion for Leave to File Under Seal Opposition To Optical Air Data Systems, LLC's Motion to Vacate Arbitration Award and Exhibits with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ Matthew L. Haws
Matthew L. Haws (Virginia Bar No. 48368)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001-4412
(202) 639-6065
mhaws@jenner.com
